IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Number: 3:12CR-082

**LENORA BANKS-DAVIS**
  aka"Jacqui Banks-Davis",
    **Defendant.**

### DEFENDANT'S POSITION ON SENTENCING

Defendant, Lenora Banks-Davis, is before the Court for sentencing after conviction by a jury on September 12, 2012 of Bank Fraud in violation of 18 U. S. C. Section 1344, and Unauthorized Use of an Access Device in violation of 18 U. S. C. Section 1029 (a) (5) and (c) (1) (A) (ii).

### Background

The government presented (and the jury accepted) evidence that defendant, Lenora Banks-Davis, aka Jacqui Banks-Davis (Ms. Davis) and Portia Turner (Ms. Turner) had known each other for 30 years. PSR# 5-17 Ms. Turner was an 80-year old widow at the time of this offense and wanted assistance with her financial affairs. Ms. Davis agreed to assist Ms. Turner by using Ms. Turner's BB&T Visa Credit Card to consolidate Ms. Turner's debts, and, on or about May 9, 2012, Ms. Turner gave that credit card to Ms. Davis for that purpose. Ms. Davis used the card for her own purposes. The bills were not consolidated. Charges on the credit card between June 2009 and December 2009 totaled under $12,000.00. Id.

### Objection to the Two Point Enhancement for Vulnerable Victim

Ms. Davis requests the Court recalculate the Guidelines without a two level enhancement for vulnerable victim. PSR# 20 & Worksheet A 2. To decide whether a

particular victim is vulnerable in the context of sentencing, the Court must first determine that an individual victim was at the time of the offense unusually vulnerable to the specific illegal behavior. Second, it must gauge whether the perpetrator knew or should have been aware of such susceptibility. *United States v. Llamas,* 599 F.3d 381, 388 (4th Cir. 2010). A vulnerable victim is described as someone who is defenseless due to age, physical or mental condition, or who is otherwise particularly susceptible to the specific criminal conduct. Application Note 2 of U.S.S.G. §3A1.1 U.S.S.G. & § 2B1.1, comment. (n.2 ) Examining the vulnerable victim adjustment here requires a <u>fact-based</u> explanation of why advanced age or some other characteristic of Ms. Turner left her unusually vulnerable to the offense. *United States v. Llamas*, 599 F.3d 381, 388 (4th Cir. 2010. A plain reading of the application notes indicate that it takes more than merely alleging the victim's age to trigger the enhancement. There is no other evidence that Ms. Turner was exceptionally vulnerable to this type of offense. Nothing indicates that she was unsound mind, or incapable of tending to her affairs. Advanced age is not enough. Thus, on the evidence before the Court, the two-point enhancement must fall.

**Upward Departure is Unnecessary to Accomplish the Goals of Sentencing**

Since the Supreme Court's ruling in *United States v. Booker, 543 U. S. 125 S. Ct. 738, 160 L. Ed 621 (U. S. 2005),* a district Court is not bound by the sentencing guidelines. It can depart upward or downward if it determines the range suggested by those guidelines is inappropriate to accomplish the goals of sentencing. A sentence by a district court is reviewed for the substantive reasonableness. *See Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007,* and absent a major procedural error, a deferential abuse-of-discretion standard applies. *United States v.*

*Rivera-Santana*, 668 F. 3d 95 at 101(4th Cir 1912) The guideline range in this case is between 15 and 21 months of incarceration, which could change by two points depending on the Court's ruling on the venerable victim enhancement. The character of this offense does not merit an upward variance. The monetary loss is under $12,000.00. While not overlooking the concerns of the victim, this is not a large sum when compared with monetary losses associated with crimes of this nature; this sum is considered in the suggested range. See 2B1.1 (a) (1), Federal Sentencing Guidelines Manual.

Even if the Court finds the allegations involving Ms. Turner, the Bon Air Baptist Church, and Ms. Jean Diamond set out PSI #31 and 32 of the PSI credible, the range of 15 to 21 months is still sufficient. Some of this conduct is alleged to reach as far back as 20 years. PSR# 31 Ms. Davis is now fifty-eight years old, PSR page#2, educated, PSR# 63 & 64, and not addicted to illegal drugs PSR# 63. Her history and educational and experiences gives her an advantage in the job market. She is less likely to commit a similar offense as another not similarly situated. Note that she was approximately 48 years old before she was convicted of any serious crime; after being sentenced in 2001, PSI# 29, she apparently completed her sentence of 30 months and a three- year period of supervision without incident. Id. The government will argue that some of the conduct alleged in PSI# 31 & 32 occurred doing this period, however, that argument misses the specific point raised here. Certainly, Ms. Davis has not been perfect and for that she will do time, but in her life she has shown ability to abide by what the law demands for long periods. In addition, Ms. Davis' has health issues that can be addressed while serving a guideline sentence. Paragraph numbers PSI #48 through 61 are incorporated herein by reference. She can have available to her treatments and rehabilitations while incarcerated. Thus, Ms. Davis offers that all

considerations of sentencing set out in 18 U. S. C. Section 3553(a) can be satisfied by a sentence that <u>does not</u> include an upward variance.

## Conclusion

Ms. Davis respectfully requests the Court: (1) deny a two-point enhancement for vulnerable victim, (2) sentence her to a term of incarceration within the guideline range, without a substantial fine, (3) direct that she be housed in a facility where she can have access to medical treatment consistent with her needs. Also, Ms. Davis respectfully requests that she be allowed to serve her sentence in a facility located as near to her family and friends as possible.

Respectfully Submitted,
Lenora Banks-Davis,

By:_____/s/_____
Counsel

David R. Lett, Esquire
Virginia State Bar Number: 24108
Attorney for Lenora Banks-Davis
700 East Main Street, Suite 1644
Richmond, Virginia 23219
Phone (804) 788-0550
Fax: (804) 864-1931
Email: davidrlett@verizon.net

**CERTIFICATION OF SERVICE**

I hereby certify that on this 20th day of February 2013 I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Mike Gill, Assistant United States Attorney,
>United States Attorney's Office
>600 East Main Street, 18th Floor
>Richmond, Va. 23219
>Phone: (804) 819-5400
>Email: Mike.Gill@usdoj.gov

By: _____/s/_____
　　　　　Counsel

..
　　David R. Lett, Esquire
　　Virginia State Bar Number: 24108
　　Attorney for Lenora Banks-Davis
　　700 East Main Street, Suite 1644
　　Richmond, Virginia 23219
　　Phone (804) 788-0550
　　Fax: (804) 864-1931
　　Email: davidrlett@verizon.net