IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Number: 3:12CR-082

LENORA BANKS-DAVIS
    aka"Jacqui Banks-Davis",
           **Defendant.**

## REPLY TO THE GOVERNMENT'S MOTION FOR UPWARD VARIANCE

Defendant, Lenora Banks-Davis, is before the Court for sentencing after conviction by a jury on September 12, 2012 of Bank Fraud in violation of 18 U. S. C. Section 1344, and Unauthorized Use of an Access Device in violation of 18 U. S. C. Section 1029 (a) (5) and (c) (1) (A) (ii).

### Upward Variance Is Unnecessary To Meet the Goals of Sentencing

Since the Supreme Court's ruling in *United States v. Booker, 543 U. S. 125 S. Ct. 738, 160 L. Ed 621 (U. S. 2005),* a district Court is not bound by the sentencing guidelines. It can depart upward or downward if it determines the range suggested by those guidelines is inappropriate to accomplish the goals of sentencing. A sentence by a district court is reviewed for the substantive reasonableness. *See Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007,* and absent a major procedural error, a deferential abuse-of-discretion standard applies. *United States v. Rivera-Santana*, 668 F. 3d 95 at 101(4th Cir 1912) The guideline range in this case is between 15 and 21 months of incarceration., which could change by two points depending on the Court's ruling on the venerable victim enhancement.

The government asks the Court for an upward variance from 21 months to 60 months of incarceration. Governments Position (G.Pos. page#16) The nature and

1

character of this offense does not merit an upward variance. The monetary loss is under $12,000.00. While not overlooking the concerns of the victim, this is not a large sum when compared with monetary losses associated with crimes of this nature; this sum is already added into the computations for the suggested figures. See 2B1.1 (a)(1), Federal Sentencing Guidelines Manual. Nevertheless, even if the Court finds the allegations involving Ms. Turner, the Bon Air Baptist Church, and Ms. Jean Diamond set out PSI #31 and 32 of the PSI credible, the range of 15 to 21 months is still sufficient PSR# 31 for sentencing purpose. The Court can impose a sentence near the upper range.

Even if the Court should find that the facts warrant an upward variance, the evidence on which the Government rest its argument for a sentence nearly **three times** the upward range of the suggested guideline range cannot support such a departure. This fact is reinforced by the government's own admission that it lacks specific <u>details</u> on which it has based its position. (G.Pos. page# 3) Thus, what the government offers here is a patchwork of events that at do not paint a complete picture. For example, Ms. Davis "….convinced members of the Bon Air Baptist Church to give her charity to pay her own expenses".(G. Pos. page # 7) Unless there are undisclosed facts, this action seems proper. Without alleging any illegality, the government presents this fact as if it was somehow fraudulent. G. Pos. page# 7). In addition, there is no allegation of an obligation on the part of Ms. Davis to convey this information to P. T., but the government points out that Ms. Banks did not tell P. T. Id.

The government's argument for an extra-long term of incarceration misses a critical point by overlooking those facts that warrant consideration of a lesser sentence: Ms. Davis attempted to resolve the debts out of her own funds. See (G. Pos. page 4, 5& & #6 This shows that Ms. Davis understood her conduct was inappropriate and she was <u>willing and</u>

able to make the situation right. The government will argue that she made or attempted restitution when her illegal activity was discovered. This is exactly the point. Her conduct with P. T. is out in the open and the focus now ought to be on her ability to make restitution not solely on long-term confinement. The extra time Ms. Davis might spend in a prison cell will do little to make the victims whole. If the Court denies the motion for an upward variance, or imposes a more reasonable variance sentence, Ms. Davis can use the extra time during which she is not incarcerated, repaying her victims outstanding liabilities, debts on credit cards and other obligations. Thus, a better disposition is one that satisfies the notion of timely restitution instead of an overly burdensome prison sentence.

## Conclusion

Ms. Davis respectfully requests the Court deny the motion for an upward variance and sentence her to a term of incarceration within the guideline range, without a substantial fine, or alternatively impose a sentence of incarceration much lower than what the government has asked.

Respectfully Submitted,
Lenora Banks-Davis,

By:_____/s/_____
Counsel

David R. Lett, Esquire
Virginia State Bar Number: 24108
Attorney for Lenora Banks-Davis
700 East Main Street, Suite 1644
Richmond, Virginia 23219
Phone (804) 788-0550
Fax: (804) 864-1931
Email: davidrlett@verizon.net

**CERTIFICATION OF SERVICE**

I hereby certify that on this 26th day of February 2013 I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Mike Gill, Assistant United States Attorney,
>United States Attorney's Office
>600 East Main Street, 18th Floor
>Richmond, Va. 23219
>Phone: (804) 819-5400
>Email: Mike.Gill@usdoj.gov

>By: _____/s/_____
>Counsel

..
David R. Lett, Esquire
Virginia State Bar Number: 24108
Attorney for Lenora Banks-Davis
700 East Main Street, Suite 1644
Richmond, Virginia 23219
Phone (804) 788-0550
Fax: (804) 864-1931
Email: davidrlett@verizon.net